IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLLY YENCHA, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2-14-cv-00578-JFC |
| v. | ) ) | |
| ZeoBIT LLC, a California limited liability company, | ) ) ) | |
| Defendant. | ) | |

### ZEOBIT LLC'S ANSWER

Defendant ZeoBIT LLC ("ZeoBIT") hereby answers plaintiff Holly Yencha's ("Plaintiff" or Ms. Yencha) Class Action Complaint ("Class Action Complaint" or "Complaint") as follows:

### NATURE OF THE ACTION

1. In response to paragraph 1, ZeoBIT denies that it currently "develops" MacKeeper. ZeoBIT admits that MacKeeper is designed to improve internet security, provide anti-theft support, and to remove unnecessary files which can affect a computer's performance. ZeoBIT denies all other allegations therein.

2. In response to paragraph 2, ZeoBIT denies all allegations therein.

3. In response to paragraph 3, ZeoBIT denies that it currently makes "representations" about MacKeeper on "websites and in paid online advertisements," and denies that it currently "offers consumers the ability to download a free '15-day trial' version of the software." ZeoBIT admits that in the past it has advertised MacKeeper, and offered a "15-day trial" of MacKeeper.

4.     In response to paragraph 4, ZeoBIT admits that MacKeeper conducts a diagnostic scan which is designed to detect issues related to performance, security, and privacy, and that MacKeeper is designed to fix the issues it identifies.  ZeoBIT denies all other allegations therein.

5.     In response to paragraph 5, ZeoBIT admits that the trial version of MacKeeper allows a user to perform a diagnostic scan, that the trial version will "fix" fewer "issues" than the "full, registered version of the software," and that the typical price for the full version of MacKeeper was $39.95.  ZeoBIT denies all other allegations therein.

6.     In response to paragraph 6, ZeoBIT denies all allegations therein.

7.     In response to paragraph 7, ZeoBIT denies all allegations therein.

## PARTIES

8.     In response to paragraph 8, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies the allegations.

9.     In response to paragraph 9, ZeoBIT admits that it is a limited liability company formed under the laws of the State of California, and that it maintains an office located at 440 North Wolfe Road, Sunnyvale, California.  ZeoBIT denies all other allegations therein.

## JURISDICTION AND VENUE

10.    In response to paragraph 10, paragraph 10 sets forth legal conclusions that do not require a response.  To the extent a response is required, ZeoBIT does not currently contest subject matter jurisdiction, but ZeoBIT reserves its rights in the event discovery reveals that the requirements of 28 U.S.C. § 1332(d) are not satisfied.

11.    In response to paragraph 11, paragraph 11 sets forth legal conclusions that do not require a response.  To the extent a response is required, ZeoBIT does not contest personal jurisdiction.

12. In response to paragraph 12, paragraph 12 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT does not currently contest venue, but ZeoBIT reserves its rights to seek a change of venue pursuant to 28 U.S.C. §1404, or other applicable law.

## FACTUAL BACKGROUND

13. In response to paragraph 13, ZeoBIT admits the allegations therein.

14. In response to paragraph 14, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies the allegations.

15. In response to paragraph 15, ZeoBIT denies that it currently "markets MacKeeper." ZeoBIT admits that it marketed MacKeeper "through online advertisements" in the past, and that MacKeeper was designed to improve internet security, provide anti-theft support, and to remove unnecessary files which can affect a computer's performance. ZeoBIT denies all other allegations therein.

16. In response to paragraph 16, ZeoBIT admits that figures 1 and 2 appear to be advertisements for MacKeeper. ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the other allegations therein, and on that basis denies the allegations.

17. In response to paragraph 17, ZeoBIT denies that it currently advertises MacKeeper. ZeoBIT admits that it advertised MacKeeper in the past including through pop-up advertisements. ZeoBIT also admits that figures 3 through 6 appear to be pop-up advertisements for MacKeeper. ZeoBIT denies all other allegations therein.

18. In response to paragraph 18, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to the referenced websites, and on that basis denies those allegations. ZeoBIT denies all other allegations contained therein.

19. In response to paragraph 19, ZeoBIT admits that in the past it recommended downloading MacKeeper, and detailed the "benefits of using MacKeeper." ZeoBIT denies all other allegations contained therein.

20. In response to paragraph 20, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to the referenced websites, and on that basis denies those allegations. ZeoBIT denies all other allegations contained therein.

21. In response to paragraph 21, ZeoBIT denies all allegations therein.

22. In response to paragraph 22, ZeoBIT lacks knowledge or information sufficient to form a belief as to what "consumers reasonably believe," and on that basis denies the allegations related to consumers' beliefs. ZeoBIT denies all other allegations therein.

23. In response to paragraph 23, ZeoBIT admits that figure 7 appears to be a screenshot taken from a computer running MacKeeper at some time. ZeoBIT denies all other allegations therein.

24. In response to paragraph 24, ZeoBIT admits that figure 7 appears to be a screenshot taken from a computer running MacKeeper at some time. ZeoBIT admits that figure 8 appears to be a screenshot taken from a computer running MacKeeper at some time. ZeoBIT denies all other allegations therein.

25. In response to paragraph 25, ZeoBIT admits that figure 9 appears to be a screenshot taken from a computer running MacKeeper at some time. ZeoBIT denies all other allegations therein.

26. In response to paragraph 26, ZeoBIT admits that the trial version of MacKeeper allows a user to perform a diagnostic scan, and to fix fewer issues than the full version of the

software.  ZeoBIT admits that figure 10 appears to be a screenshot taken from a computer running MacKeeper at some time.  ZeoBIT denies all other allegations therein.

27. In response to paragraph 27, ZeoBIT denies all allegations therein.

28. In response to paragraph 28, ZeoBIT admits that MacKeeper may identify ways to improve the performance of brand new Macintosh computers.  ZeoBIT denies all other allegations therein.

29. In response to paragraph 29, ZeoBIT admits that cache files contribute to the number of issues MacKeeper identifies on a computer.  ZeoBIT admits that figure 11 appears to be a screenshot taken from a computer running MacKeeper at some time.  ZeoBIT denies all other allegations therein.

30. In response to paragraph 30, ZeoBIT admits that MacKeeper identifies certain cache files as issues.  ZeoBIT denies all other allegations therein.

31. In response to paragraph 31, ZeoBIT denies all allegations therein.

32. In response to paragraph 32, ZeoBIT admits that figures 12 through 14 appear to be screenshots taken from a computer running MacKeeper at some time.  ZeoBIT denies all other allegations therein.

33. In response to paragraph 33, ZeoBIT denies all allegations therein.

34. In response to paragraph 34, ZeoBIT denies all allegations therein.

35. In response to paragraph 35, ZeoBIT admits that the purchase price for MacKeeper was often $39.95.  ZeoBIT denies all other allegations therein.

36. In response to paragraph 36, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies the allegations.

37. In response to paragraph 37, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies the allegations.

38. In response to paragraph 38, ZeoBIT denies all allegations therein.

39. In response to paragraph 39, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies the allegations.

40. In response to paragraph 40, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies the allegations.

41. In response to paragraph 41, ZeoBIT admits that Ms. Yencha purchased MacKeeper for $39.95, and that she was charged $10.00 to renew her MacKeeper subscription. ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the other allegations therein, and on that basis denies those allegations.

42. In response to paragraph 42, ZeoBIT denies all allegations therein.

43. In response to paragraph 43, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies the allegations.

## CLASS ALLEGATIONS

44. In response to paragraph 44, paragraph 44 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein, including that this action can be maintained as a class action.

45. In response to paragraph 45, ZeoBIT admits that more than a thousand people purchased MacKeeper. The remainder of paragraph 45 sets forth legal conclusions that do not require a response, to the extent that a response is required, ZeoBIT denies the remaining allegations therein, including that this action can be maintained as a class action.

46. In response to paragraph 46, paragraph 46 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein, including that this action can be maintained as a class action.

47. In response to paragraph 47, paragraph 47 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein, including that this action can be maintained as a class action.

48. In response to paragraph 48, paragraph 48 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein, including that this action can be maintained as a class action.

49. In response to paragraph 49, paragraph 49 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein, including that this action can be maintained as a class action.

50. In response to paragraph 50, paragraph 50 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein, including that this action can be maintained as a class action.

51. In response to paragraph 51, paragraph 51 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein, including that this action can be maintained as a class action.

**FIRST CAUSE OF ACTION – VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 P.S. §§ 201-1 *et seq.***

52. In response to paragraph 52, ZeoBIT hereby incorporates by reference its answers to the foregoing paragraphs.

53. In response to paragraph 53, ZeoBIT denies all allegations therein.

54. In response to paragraph 54, ZeoBIT admits that it is a limited liability company formed under the laws of the State of California.  The remainder of paragraph 54 sets forth legal conclusions that do not require a response.  To the extent a response is required, ZeoBIT denies the remaining allegations therein.

55. In response to paragraph 55, paragraph 55 sets forth legal conclusions that do not require a response.  To the extent a response is required, ZeoBIT denies the allegations therein.

56. In response to paragraph 56, ZeoBIT denies all allegations therein.

57. In response to paragraph 57, ZeoBIT hereby incorporates its answers to paragraphs 16, 17, 18, and 20.  ZeoBIT denies all other allegations therein.

58. In response to paragraph 58, ZeoBIT denies all allegations therein.

59. In response to paragraph 59, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies the allegations.

60. In response to paragraph 60, ZeoBIT denies all allegations therein.

61. In response to paragraph 61, ZeoBIT denies all allegations therein.

62. In response to paragraph 62, ZeoBIT denies all allegations therein.

63. In response to paragraph 63, paragraph 63 sets forth legal conclusions that do not require a response.  To the extent a response is required, ZeoBIT denies the allegations therein.

## **SECOND CAUSE OF ACTION – FRAUDULENT INDUCEMENT**

64. In response to paragraph 64, ZeoBIT hereby incorporates by reference its answers to the foregoing paragraphs.

65. In response to paragraph 65, ZeoBIT hereby incorporates its answers to paragraphs 16, 17, 18, and 20.  ZeoBIT denies all other allegations therein.

66. In response to paragraph 66, ZeoBIT admits that MacKeeper "scan[s] computers for harmful problems, increase[s] computer performance, and protect[s] Macs from security and privacy threats." ZeoBIT denies all other allegations therein.

67. In response to paragraph 67, ZeoBIT denies all allegations therein.

68. In response to paragraph 68, paragraph 68 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein.

69. In response to paragraph 69, ZeoBIT denies all allegations therein.

70. In response to paragraph 70, ZeoBIT denies all allegations therein.

71. In response to paragraph 71, ZeoBIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies the allegations.

72. In response to paragraph 72, ZeoBIT denies all allegations therein.

73. In response to paragraph 73, ZeoBIT denies all allegations therein.

74. In response to paragraph 74, paragraph 74 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein.

**THIRD CAUSE OF ACTION – BREACH OF CONTRACT**

75. In response to paragraph 75, ZeoBIT hereby incorporates by reference its answers to the foregoing paragraphs.

76. In response to paragraph 76, paragraph 76 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein.

77. In response to paragraph 77, paragraph 77 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein.

78. In response to paragraph 78, paragraph 78 sets forth legal conclusions that do not require a response. To the extent a response is required, ZeoBIT denies the allegations therein.

79. In response to paragraph 79, ZeoBIT denies all allegations therein.

80. In response to paragraph 80, ZeoBIT denies all allegations therein.

81. In response to paragraph 81, ZeoBIT denies all allegations therein.

### FOURTH CAUSE OF ACTION – UNJUST ENRICHMENT

82. In response to paragraph 82, ZeoBIT hereby incorporates by reference its answers to paragraphs 1 through 74.

83. In response to paragraph 83, paragraph 83 sets forth legal conclusions that do not require a response.  To the extent a response is required, ZeoBIT denies the allegations therein.

84. In response to paragraph 84, ZeoBIT admits that certain members of the proposed class purchased MacKeeper from ZeoBIT.  ZeoBIT denies all other allegations therein.

85. In response to paragraph 85, paragraph 85 sets forth legal conclusions that do not require a response.  To the extent a response is required, ZeoBIT admits that certain members of the proposed class purchased MacKeeper from ZeoBIT.  ZeoBIT denies all other allegations therein.

86. In response to paragraph 86, paragraph 86 sets forth legal conclusions that do not require a response.  To the extent a response is required, ZeoBIT denies the allegations therein.

87. In response to paragraph 87, paragraph 87 sets forth legal conclusions that do not require a response.  To the extent a response is required, ZeoBIT denies the allegations therein.

### PLAINTIFF'S PRAYER FOR RELIEF

The section in the Complaint entitled "Prayer for Relief" is Plaintiff's statement of requested relief, to which no response is required; to the extent a response is required, ZeoBIT denies the allegations therein, including but not limited to denying that Plaintiff is entitled to the relief requested and denying that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

ZeoBIT sets forth its affirmative defenses below.  Each defense is asserted as to all causes of action against ZeoBIT.  By setting forth these affirmative defenses, ZeoBIT does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiff's allegations.  ZeoBIT reserves the right to supplement or amend these defenses as discovery is conducted, and does not knowingly or intentionally waive any applicable defense. In particular, ZeoBIT reserves the right to assert additional defenses as applicable to absent class members in the event a class is certified in this matter.  As separate and distinct affirmative defenses, ZeoBIT alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Complaint, and each and every claim alleged therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

Plaintiff and putative class members would be unjustly enriched if allowed to recover on the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

(Equitable Defenses)

Plaintiff and putative class members are barred from recovery, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, laches, and other similar doctrines.

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff and putative class members have no standing to bring this action under Article III of the United States Constitution, including but not limited to the ground that Plaintiff and putative class members have not suffered any injury-in-fact as a result of any conduct by ZeoBIT.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of UTPCPL Standing)

Plaintiff and putative class members have no standing to bring this action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq*.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

If Plaintiff and putative class members have been injured or damaged, which ZeoBIT denies, she and putative class members are barred from recovery in whole or in part by her and putative class members' failure to mitigate any such injury or damages.

## SEVENTH AFFIRMATIVE DEFENSE

(Not Suitable for Class Action Treatment)

This action is not suitable for class action treatment under Federal Rule of Civil Procedure 23.

**EIGHTH AFFIRMATIVE DEFENSE**

(Contractual Limitation on Liability)

To the extent that there is a contractual relationship between ZeoBIT, on the one hand, and Plaintiff and/or putative class members, on the other hand, ZeoBIT's liability and Plaintiff's and putative class members' damages and remedies are limited by the contractual terms.

**NINTH AFFIRMATIVE DEFENSE**

(No Punitive Damages)

No punitive or exemplary damages should be awarded arising out of the claims made in the Complaint, or any such damages should otherwise be limited, because any recovery of punitive or exemplary damages would violate the substantive and/or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and other applicable law.  The Complaint also fails to allege sufficient facts to justify an award of punitive or exemplary damages.

**TENTH AFFIRMATIVE DEFENSE**

(Acts of Others)

ZeoBIT alleges, on information and belief, that any purported damages suffered by Plaintiff and putative class members, the existence of which ZeoBIT denies, were proximately caused, in whole or in part, by Plaintiff's and putative class members' own actions or that of third parties over whom ZeoBIT has neither control nor responsibility, and any recovery by Plaintiff and putative class members should be reduced by an amount proportionate to the amount by which her and putative class members' own actions, or those of third parties, contributed to the alleged injuries and damages.

### ELEVENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Based on the Complaint, Plaintiff's and putative class members' alleged damages are speculative and are therefore barred.

### TWELFTH AFFIRMATIVE DEFENSE

(Failure to Plead Fraud with Particularity)

Plaintiff's and putative class members' fraud-based claims are barred because Plaintiff and putative class members have failed to plead these causes of action with particularity as required by the applicable rules and legal doctrines.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Reliance)

Plaintiff's and putative class members' claims are barred, in whole or in part, because of lack of reliance upon the alleged representations.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Not Fraudulent)

Plaintiff's and putative class members' claims are barred on the ground that ZeoBIT's statements and assertions were not false, misleading, deceptive, or fraudulent.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Not a Claim of Fact)

Plaintiff's and putative class members' claims are barred on the ground that the alleged false, misleading, deceptive, or fraudulent statements were such that no reasonable person in Plaintiff's or putative class members' position(s) could have reasonably relied on or misunderstood the statements as claims of fact.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Improper Joinder)

Plaintiff and putative class members have failed to join all proper parties to the action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

ZeoBIT presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses. ZeoBIT reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

## ZEOBIT'S PRAYER FOR RELIEF

WHEREFORE, ZeoBIT prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint, and that the Complaint be dismissed in its entirety with prejudice;

2. For judgment in favor of ZeoBIT on Plaintiff's Complaint;

3. For attorneys' fees and costs incurred to the extent permitted by law; and

4. For such other and further relief as this Court may deem just and proper.

**ZEOBIT'S DEMAND FOR JURY TRIAL**

ZeoBIT demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: July 14, 2014

/s/ Matthew D. Brown
Matthew D. Brown (CA 196972)
brownmd@cooley.com
(admitted pro hac vice)
Matthew D. Caplan (CA 260388)
mcaplan@cooley.com
(admitted pro hac vice)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Counsel for Defendant ZeoBIT LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2014, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Matthew D. Brown
Matthew D. Brown (CA 196972)
brownmd@cooley.com
(admitted pro hac vice)
Cooley LLP
101 California Street, 5th Floor
San Francisco, California 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

108533382