IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HOLLY YENCHA** *individually and on behalf of all others similarly situated,* | ) CIVIL ACTION NO. 14-578 <br> ) <br> ) JUDGE JOY FLOWERS CONTI |
| Plaintiff, | ) |
| v. | ) |
| **ZEOBIT LLC** *a California limited liability company*, | ) |
| Defendant. | ) |

.

## ORDER ON MOTION PRACTICE

The parties, in addition to following the rules set forth in the Federal Rules of Civil Procedure and the court's local rules, shall follow the rules set forth below in making or responding to motions in any case assigned to me.

1. **Form of Motions.** A motion must consist of two documents, consisting of a motion that states the party's request, and a brief in support that contains the factual and legal grounds for the request. Evidentiary materials in support of or opposition to a motion should be tabbed and compiled in a separate document. Counsel are directed to furnish only the evidentiary materials that are essential to deciding the motion. A proposed order setting forth the specific relief requested shall be attached to the motion.

2. **Form of Responses.** The opposing party shall file with the clerk a response to every motion. Unless otherwise directed, the response should be titled in the form of "A's Response in Opposition to B's Motion [for/to] _____." A brief may be filed with the response as a separate document. A proposed order shall be attached to the response.

3.     **Routine or Unopposed Motions.**  If the nonmoving party does not oppose the motion, or the motion is of a type that normally does not implicate the substantial rights of the nonmoving party (e.g., motion to withdraw as counsel, motion to set a conference, many motions for extension of time), the non-moving party shall so state in its response.  The court may decide motions that do not implicate the substantial rights of the opposing party without a response, which relieves the non-moving party of the duty to respond.  Absent such action by the court, however, it is essential that a response be filed for all motions.  Letters do not constitute responses on the record.  Failure to respond may be deemed as conceding the grounds for the motion.

4.     **Motions for Reconsideration.**  A motion for reconsideration of an order must be filed 28 days from the date the order is entered.  Responses must be filed 28 days from the date of service of the motion.

5.     **Deadlines for Responses**.

  a.     Responses to motions relating to discovery shall be filed 14 days from the date of service of the motion.  The court frequently resolves such motions by telephone conference, which the parties may request.  The court also may schedule a telephone conference before the time runs for any response.

  b.     Responses to motions in limine shall be filed 7 days from the date of service of the motion.

  c.     Responses to motions for summary judgment shall be filed 30 days from the date of service of the motion.

      d.      Responses to all other motions shall be filed 21 days from the date of service of the motion.

      6.      **Reply Briefs.**  A reply brief is defined as the second brief advocating a party's position on the same motion filed after the non-moving party's response.  Reply briefs, other than reply briefs filed in connection with a motion for summary judgment, may be filed only after obtaining leave from the court sought by motion.  Counsel should be aware that the court discourages reply briefs as usually repetitive and therefore wasteful.  Reply briefs therefore should promptly state the novel matter contained in the opposition brief that merits a reply, and not merely assert that opposing counsel has misstated the law.

      7.      **Oral Argument.**  Motions may be decided with oral argument as scheduled by the court.

      8.      **Extensions.**  Motions to extend deadlines should be made as any other motion, but are more likely to be decided without response because of the court's inherent discretion over this subject.  Every proposed order accompanying a motion to extend deadlines shall include the date certain, or a blank space for insertion of the date certain, on which the proposed new deadline falls.  On a motion that affects more than one deadline, such as an extension of discovery that affects all deadlines in the case management order, the proposed order shall restate all of the deadlines affected.  The last document in the file which deals with a particular deadline thus should always identify the calendar date for that deadline.

      9.      **Joint Motions.**  Joint or uncontested motions on matters that do not implicate the substantial rights of the parties are encouraged and will be promptly decided.  A joint or uncontested motion shall so state in its title.  Joint motions in cases with more than two parties,

that have the consent of fewer than all the parties, shall so state on the first page. Counsel's representation that a motion is joint or consented to is sufficient.

10. **Summary Judgment**. Parties may not file motions for summary judgment without first requesting a hearing and the court entering a scheduling order.

11. **Page Limits**.

    a. Briefs in support of and opposing discovery motions shall be limited to **10** pages.

    b. Briefs in support of and opposing motions in limine shall be limited to **5** pages.

    c. Briefs in support of and opposing summary judgment motions shall be limited to **20** pages, excluding tables.

    d. Reply briefs, if allowed, shall be limited to **10** pages.

    e. Objections to special master reports shall be limited to **10** pages.

    f. Briefs in support of and opposing all other motions shall be limited to **15** pages.

    g. All text and footnotes in briefs shall be in 12 point fonts, with one inch margins. Text must be double-spaced; footnotes may be single-spaced. Evasion of these standards or page limits will cause the excess material to be treated as being outside the record without further notice to counsel.

    h. Counsel and the parties should be aware of the court's experience that shorter briefs are almost always more persuasive because they get to the point faster. They also contain less extraneous material that dilutes the parties' main arguments, and frequently interferes with prompt resolution.

12. **Citations in briefs**

   a. The argument portion of every brief in support of or in response to a motion shall cite to current authority from the United States Court of Appeals for the Third Circuit or a district court in this circuit, if available, that establishes the essential elements of each claim for which the moving party seeks summary judgment.

   b. A party's failure to adhere to these requirements may result in the motion for summary judgment being decided against that party's position.

13. **Courtesy Copies.  If any brief together with appendices or exhibits equals or exceeds 25 pages, a courtesy paper copy of the brief and appendices or exhibits shall be furnished to the court at the time the brief and appendices or exhibits are electronically filed.**  Counsel should not submit any other courtesy copies unless requested by the court.

14. **Deadlines in Rules.**  This order does not affect response deadlines set by any federal rule of procedure or computation of time under Federal Rule of Civil Procedure 6.

15. **Discretion to Amend**.  The court may alter any of these provisions by order, or by notice from court staff at the court's direction.

   **SO ORDERED** this 1st day of August, 2014.

                              /s/ Joy Flowers Conti
                              Joy Flowers Conti
                              Chief United States District Judge