**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOLLY YENCHA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ZeoBIT LLC, a California limited liability company,<br><br>*Defendant.* | Case No. 2:14-cv-00578-JFC |

**FED. R. CIV. P. 26(f) JOINT REPORT OF THE PARTIES (CLASS ACTION)**

**1.      Identification of Counsel.**

  *A.      Plaintiff's Counsel:*

<div style="display:flex">

William R. Caroselli (PA 00452)
wcaroselli@cbmclaw.com
CAROSELLI BEACHLER MCTIERNAN & CONBOY LLC
20 Stanwix Street, 7th Floor
Pittsburgh, Pennsylvania 15222
Tel: 412.391.9860
Fax: 412.391.7453

Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Courtney C. Boot
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

</div>

  *B.      Defendant ZeoBIT LLC's Counsel:*

Matthew D. Brown
brownmd@cooley.com
Matthew D. Caplan
mcaplan@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, California 94111
Tel: 415.693.2000
Fax: 415-693-2222

**2.     General Nature of the Case.**

*A.     Plaintiff's Statement:* Plaintiff alleges, individually and on behalf of a nationwide class of similarly situated individuals, that Defendant uniformly defrauded consumers into purchasing its so-called utility software product known as MacKeeper (the "Software"). According to Yencha's Complaint, Defendant represents to consumers—both through online advertisements ands on its website—that the Software will remove harmful problems, protect from all kinds of fraud, and otherwise improve the speed and performance of an individual's personal computer. To demonstrate its purported functionality, Defendant offers consumers a free, fifteen-day trial of the Software that allows consumers to conduct "diagnostic scans" of their computers to determine whether any errors or problems are affecting them. After the scan, the trial version reports the "existence" of errors and offers to "fix" a limited number of them, but informs consumers that purchase of the full, registered version of the Software is necessary to fully repair the computer (typically at a cost of $39.95).

In reality, the Software is incapable of functioning as advertised and instead, invariably reports the existence and severity of so-called "issues," regardless of a computer's actual condition. As a result, neither the free trial nor full, registered version of the Software performs the functions advertised by Defendant and consumers are induced to purchase Software that has far less utility than promised.

*B.     Defendant's Statement:* Defendant ZeoBIT LLC ("ZeoBIT") denies plaintiff Holly Yencha's allegations, and plans to vigorously defend against her claims.  The MacKeeper software performs as advertised, and provides the represented functionality and utility to its users.

Additionally, ZeoBIT does not believe that this action is appropriate for class treatment

because, among other reasons, the claims asserted by Ms. Yencha raise numerous individual issues such as reliance and materiality that cannot be determined on a class-wide basis.

3. **Date of 26(f) Conference and Identification of Participants.** Courtney Booth, counsel for the Plaintiff, and Matthew Brown, counsel for the Defendant, engaged in the Parties' Rule 26(f) conference on Wednesday, August 13, 2014.

4. **Date of Rule 16 Initial Scheduling Conference.** The Parties are scheduled to appear before Judge Conti, on Wednesday, September 24, 2014 at 9:30 a.m.

5. **Anticipated Motions Under Fed. R. Civ. P. 12.** ZeoBIT has filed its answer, but reserves the right to file other appropriate motions under Federal Rule Civil Procedure 12, including a motion for judgment on the pleadings, and a motion to dismiss for lack of subject-matter jurisdiction.

6. **Selected ADR Process.** The Parties have conferred and agreed that, at the appropriate time, they would be willing to discuss the potential settlement of this case through private mediation. Plaintiff is prepared to discuss the potential early resolution of the case at this time, and ZeoBIT currently believes the Court should rule on Plaintiff's motion for class certification before the Parties mediate. Given their disagreement about the timing of a potential mediation, the Parties propose that they inform the Court if (and when) they schedule a private mediation to proceed.

7. **Exchange of Rule 26(a)(1) Disclosures.** The Parties have agreed, pursuant to Fed. R. Civ. P. 26(a)(1), to exchange their initial disclosures no later than August 27, 2014.

8. **Subjects on Which Class Certification Discovery May Be Needed.** By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery

3

with regard to subjects not listed herein.

   A.  ***Plaintiff's Statement:*** Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (i) the total number of individuals and entities who purchased any and all full versions of the Software; (ii) the number and nature of complaints regarding the Software; (iii) the number and amount of refunds requested and received by the members of the putative class related to their purchases of the Software; (iv) Defendant's representations regarding the purpose, utility and effectiveness of the Software; (v) the source code underlying the Software and its functionality; and (vi) the metrics (and the bases of those metrics) used by the Software to assess and report the health and security status of users' computers.

   B.  ***Defendant's Statement:*** ZeoBIT anticipates that discovery will need to be taken on the following topics related to class certification: (1) the number of U.S.-based purchasers of MacKeeper; (2) the materiality of the alleged misrepresentations; (3) reliance on the alleged misrepresentations; (3) the functionality and utility of MacKeeper; and (4) buyers' use of the MacKeeper software.

**9.**  **Suggested Case Schedule Pre-Class Certification.** The Parties propose the following schedule of discovery and general case deadlines:

| EVENT | PROPOSED DEADLINE |
|---|---|
| *Deadline to Exchange Initial Disclosures* | August 27, 2014 |
| *Deadline to Join Additional Parties* | December 19, 2014 |
| *Deadline to Amend Pleadings* | December 19, 2014 |
| *Deadline to Complete Class Certification Fact Discovery* | April 15, 2015 |
| *Plaintiff's Deadline to Serve Expert Reports Relating to Class Certification* | May 13, 2015 |

| | |
|---|---|
| *Defendant's Deadline to Depose Plaintiff's Expert Relating to Class Certification* | June 10, 2015 |
| *Defendant's Deadline to Serve Expert Reports Relating to Class Certification* | July 1, 2015 |
| *Plaintiff's Deadline to Depose Defendant's Expert Witnesses Relating to Class Certification* | July 29, 2015 |
| *Plaintiff's Deadline to Serve Rebuttal Expert Reports Relating to Class Certification* | August 26, 2015 |
| *Plaintiff's Deadline to File Motion for Class Certification, Memorandum in Support, and All Supporting Evidence* | August 26, 2015 |
| *Defendant's Deadline to File Opposition to Motion for Class Certification and All Supporting Evidence (including right to depose Plaintiff's rebuttal experts)* | October 7, 2015 |
| *Plaintiff's Deadline to File a Reply in Support of Motion for Class Certification* | October 28, 2015 |
| *Class Certification Hearing* | To be Scheduled by Court |

**10.     Post-Certification Determination Conference.** The Parties do not wish to establish a schedule for post-Class Certification pretrial matters at this time.

**11.     Limitations on Discovery.** The Parties do not believe that any modifications to the limitations on discovery imposed by the Federal Rules of Civil Procedure are necessary at this time.

**12.     Special Procedures Dealing with Discovery of Electronically Stored Information.** Plaintiff recently provided Defendant a proposed ESI protocol which ZeoBIT is considering.

**13.     Proposed Time for Post-Discovery Status Conference**. The Parties propose that the Post-Discovery Scheduling Conference be scheduled following the completion of expert discovery.

14. **Orders that Should Be Entered Pursuant to Fed. R. Civ. P. 16(b) or 26(c).** The Parties intend to submit to the Court for its review and approval a proposed protective order governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter.

15. **Appointment of the Special Master.** The Parties do not anticipate the appointment of a special master.

16. **Possibility of Settlement**. The Parties have not yet engaged in settlement discussions. To the extent an early settlement is possible, the Parties are willing to participate in a private mediation. *See* No. 6, *supra.*

                              Respectfully submitted,

                              **HOLLY YENCHA**, individually and on behalf of all others similarly situated,

Dated: August 27, 2014                By: /s/ William R. Caroselli
                                                    One of Plaintiff's Attorneys

                              William R. Caroselli (PA 00452)
                              wcaroselli@cbmclaw.com
                              CAROSELLI BEACHLER MCTIERNAN & CONBOY LLC
                              20 Stanwix Street, 7th Floor
                              Pittsburgh, Pennsylvania 15222
                              Tel: 412.391.9860
                              Fax: 412.391.7453

                              Rafey S. Balabanian* (IL 6285687)
                              rbalabanian@edelson.com
                              Benjamin H. Richman* (IL 6300668)
                              brichman@edelson.com
                              Courtney C. Booth* (IL 6312384)
                              cbooth@edelson.com
                              EDELSON PC
                              350 North LaSalle Street, Suite 1300
                              Chicago, Illinois 60654
                              Tel: 312.589.6370
                              Fax: 312.589.6378

*Pro hac vice* admission to be sought.

**ZeoBIT LLC,**

Dated: August 27, 2014                          By: /s/ Matthew D. Brown
                                                        One of Defendant's Attorneys

Matthew D. Brown (Admitted *Pro Hac Vice*)
CA 196972
brownmd@cooley.com
Matthew D. Caplan (Admitted *Pro Hac Vice*)
CA 260388
mcaplan@cooley.com
Cooley LLP
101 California Street, 5th Floor
San Francisco, California 94111
Tel: 415.693.2000
Fax: 415.693.2222

**CONSENT PURSUANT TO ELECTRONIC CASE FILING
POLICIES AND PROCEDURES, SECTION 11**

I, William R. Caroselli, attest that consent in the filing of the ***Fed. R. Civ. P. 26(f) Joint Report of the Parties (Class Action)*** has been obtained from each of the other signatories.

Executed on August 27, 2014, in Pittsburgh, Pennsylvania.

/s/ William R. Caroselli

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2014, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ William R. Caroselli