IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HOLLY YENCHA** *individually and on behalf of all others similarly situated,* </br></br> Plaintiff, </br></br> v. </br></br> **ZEOBIT LLC** *a California limited liability company*, </br></br> Defendant. | CIVIL ACTION NO.  14-578 </br></br> JUDGE JOY FLOWERS CONTI |

CASE MANAGEMENT ORDER

AND NOW, this 29th day of September, 2014,

IT IS ORDERED that:

1. Local Rule LR 16.1. The above-captioned civil action is hereby placed under Local Rule LR 16.1 of this court.  All provisions of the Rule will be strictly enforced.

2. Settlement Negotiations.  Counsel for the parties shall confer with their clients before all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the court.  Counsel are encouraged to appear with their individual clients or with principals of corporate or other clients at all such conferences or to instruct such clients or principals to be available by telephone at the time of such conferences to facilitate settlement negotiations.

3. Pretrial Procedures.  Compliance with the provisions of Local Rule LR 16.1 shall be completed as follows:

(A) The parties shall amend pleadings or add new parties on or before **<u>December 19, 2014</u>**.

(B) The parties shall complete class certification fact discovery on or before **<u>April 15, 2015.</u>**  For purposes of this paragraph 3(a), the term "discovery" shall include all methods of discovery referred to in Fed.R.Civ.P.26(a).  Production of documents and tangible things pursuant to Fed.R.Civ.P.30, interrogatories to parties pursuant to Fed.R.Civ.P.33, requests for production of documents and things pursuant to Fed.R.Civ.P.34, and requests for admission pursuant to Fed.R.Civ.P.36 shall be served on or before **<u>March 2, 2015.</u>**

(C) Status Conference is scheduled at **<u>4:30 PM</u>**, on **<u>April 20, 2015,</u>** suite 5250, Fifth Floor, United States Courthouse, Pittsburgh, Pennsylvania 15219.

(D)  If discovery cannot be completed by the dates set forth in paragraph (B) for the close of discovery, the parties cannot extend the dates without court approval.  To obtain court approval a party must file a motion to extend the date for close of discovery.  The motion must set forth (a) the discovery that still needs to be conducted, (b) the reason why the discovery could not be completed before the dates set forth in paragraph (B) and (c) the amount of time necessary to complete discovery.  **The motion must be filed prior to the date set for the close of discovery in paragraph (B)**.

4. Track Designation.  The above-captioned action is designated a Track I action pursuant to Local Rule LR 16.1.2.C.

5. Arbitration.  The parties are advised of the availability of arbitration in certain cases pursuant to this court's Local rule LR 16.2.

6. Settlement Negotiations.  The parties shall extensively pursue settlement negotiations and advise the court of their status.  Parties shall be prepared to discuss settlement and have the appropriate authority to settle the case at all conferences.

7. Procedures Following Inadvertent Disclosure ("Clawback"). Pursuant to Local Rule LR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

(A) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

(B) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

(C) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the court for a resolution, but such motion must be made within the 30-day period.

8. Summary Judgment.  Parties may not file motions for summary judgment without first requesting a hearing and the court entering a scheduling order.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge