IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY YENCHA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ZeoBIT LLC, a California limited liability company,<br><br>*Defendant*. | Case No. 2-14-cv-00578-JFC<br><br>Judge: Joy Flowers Conti |

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS
FOR SETTLEMENT PURPOSES, APPROVING NOTICE PLAN,
AND SCHEDULING FINAL APPROVAL HEARING

WHEREAS, a class action is pending before the Court entitled *Yencha v. ZeoBIT LLC*, Case No. 2:14-cv-00578-JFC; and

WHEREAS, Plaintiff Holly Yencha ("Plaintiff") and Defendant ZeoBIT, LLC ("Defendant") have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiff seeking preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.  The terms and phrases in this order shall have the same meaning as ascribed to them in the Parties' Stipulation of Class Action Settlement.

Settlement Class Certification

2.  A class (the "Settlement Class") is certified for settlement purposes only.

    a.  The Settlement Class is defined to include: "All Persons in the United States and its territories who purchased MacKeeper on or before [the date of entry of the Preliminary Approval Order]."

    b.  The Settlement Class satisfies the requirements for class certification under Fed. R. Civ. P. 23(a). It consists of approximately 650,000 consumers, there are questions of law or fact common to the Settlement Class, Plaintiff's claims are typical of those of the Settlement Class, and Plaintiff will fairly and adequately protect the interests of the Settlement Class.

    c.  In addition, the questions of law or fact common to the Settlement Class predominate over any individual questions, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy. Consequently, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

3.  The Court hereby appoints Plaintiff Holly Yencha as Class Representative. The Court finds that Plaintiff Yencha will adequately protect the interests of the Settlement Class.

4.  The Court hereby appoints Rafey S. Balabanian, Benjamin H. Richman, and Courtney C. Booth of Edelson PC as Class Counsel. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel.

Preliminary Approval

5. Plaintiff has moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Defendant, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 19 of this order.

6. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action, including all members of the Settlement Class.

7. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against Defendant. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides beneficial relief to the Settlement Class. The Court also finds that the Settlement Agreement (a) is the result of serious, informed, non-collusive arm's-length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of the Honorable Edward A. Infante (ret.) of JAMS; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendant.

Notice and Administration

8. Rust Consulting is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Agreement and this order.

9. The Court finds that the notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B and C thereto (the "Notice Plan") is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this Action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the rights of members to object to the settlement or to exclude themselves from the Settlement Class. The Notice Plan is consistent with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances.

10. The Court thus hereby approves the Notice Plan, including the proposed Notice documents attached as Exhibits B and C to the Settlement Agreement. The Court also approves the plan for claims administration, including the Claim Form attached as Exhibit A to the Settlement Agreement. The Parties may, by agreement, revise the Notice or Claim-Form documents in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11. Pursuant to paragraph 4.1 of the Settlement Agreement, the Notice Plan shall be implemented as follows: Within twenty-eight (28) days following the entry of this order (the "Notice Date"), the Settlement Administrator shall provide direct notice with an accompanying Claim Form by email. The Settlement Administrator shall, starting no later than the start of the dissemination of direct notice via email to the Settlement Class, post notice of this settlement on the settlement website. In addition, fourteen (14) days prior to the Objection/Exclusion Deadline

set below, the Settlement Administrator will disseminate another copy of the Email Notice, adding to the subject line of the email "FINAL NOTICE." No later than March 16, 2015, Defendant must comply with the requirements of 28 U.S.C. § 1715 and serve notice of the proposed Settlement Agreement upon the appropriate government officials.

12. Members of the Settlement Class who wish to receive a payment under the Settlement Agreement must complete and submit a valid Claim Form. All Claim Forms must be postmarked or received by the Settlement Administrator on or before forty-five (45) days after the Final Approval Hearing.

Exclusion

13. Settlement Class Members who wish to exclude themselves from the Settlement Class for purposes of this settlement may do so by submitting a request for exclusion to the Settlement Administrator on or before [forty-five (45) days after the Notice Date] (the "Objection/Exclusion Deadline"). The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and include the Settlement Class Member's name, address, email address, phone number, signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this settlement.

14. Any member of the Settlement Class who timely requests exclusion consistent with these procedures shall not (i) be bound by a final judgment approving the settlement; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. However, Settlement Class Members who fail to submit a valid and timely request for exclusion shall be

bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

<u>Objections</u>

15. Any member of the Settlement Class who has not timely filed a request for exclusion may object to the granting of final approval to the settlement. Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

16. Any objection must be in writing, must be personally signed by the objector, and must include: (1) the objector's name, address, email address, and contact phone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

17. All objections and any papers submitted in support of such objections must, on or before the Objection/Exclusion Deadline, be (1) filed with the Clerk of the Court or, if represented by counsel, filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system, and (2) sent via mail, hand, or overnight delivery service to both Class Counsel and Defendant's counsel.

18. Any member of the Settlement Class who fails to timely mail or file a written objection in compliance with the requirements of this order, the Notice, and the Settlement

Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the settlement.

Fairness Hearing

19. A fairness hearing (the "Final Approval Hearing" or "Fairness Hearing") shall be held before this Court on [date—no earlier than 98 days after the date of the Preliminary Approval Order], 2015 at [time] A.M. in Courtroom 5A on the 5th Floor of the United States Courthouse, Pittsburgh Division, 700 Grant Street, Pittsburgh, Pennsylvania to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees and expenses to Class Counsel and in what amount; and (d) whether to award payment of an incentive award to the Class Representative and in what amount. The Court may adjourn the Fairness Hearing without further notice to Settlement Class Members.

20. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the Court and thereafter posted to the settlement website.

21. Papers in support of final approval of the Settlement Agreement shall be filed with the Court on or before [date].

Further Matters

22. In order to protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court

that seeks to address rights or claims of any Released Party or Settlement Class Member relating to, or arising out of, any of the Released Claims.

23. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24. All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

25. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement, then (a) the Settlement Agreement, this Preliminary Approval Order, and the Final Judgment (if applicable) (including but not limited to the certification of the Settlement Class for settlement purposes, the appointment of Plaintiff Holly Yencha as Class Representative, and the appointment of Class Counsel) shall be vacated and shall be null and void, shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (b) this action will revert to the status that existed before the Settlement Agreement's execution date; (c)(i) no term or draft of the Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), (iii) nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding.

**IT IS SO ORDERED** this _____ day of _____, 2015.

 

_____
HONORABLE JOY FLOWERS CONTI
CHIEF UNITED STATES DISTRICT JUDGE