**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOLLY YENCHA, individually and on behalf of all others similarly situated, | Case No. 2:14-cv-00578-JFC |
| *Plaintiff,* | |
| v. | Judge: Joy Flowers Conti |
| ZeoBIT LLC, a California limited liability company, | |
| *Defendant.* | |

## [PROPOSED] ORDER OF FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

The Court, having considered Plaintiff's Motion and Memorandum of Law in Support of Motion for Final Approval ("Motion for Final Approval") (dkts. 49, 50-1) of the class action settlement (the "Settlement") of the above-captioned matter (the "Action"), brought by Plaintiff Holly Yencha ("Plaintiff") against Defendant ZeoBIT LLC ("Defendant"), and Plaintiff's Motion and Memorandum of Law for Approval of Attorneys' Fees, Expenses and Incentive Award ("Motion for Attorneys' Fees") (dkt. 46-1), pursuant to the Stipulation of Class Action Settlement dated May 20, 2015 (dkt. 38-1, the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion for Final Approval and Motion for Attorneys' Fees, and having held a Fairness Hearing on October 16, 2015 at 12:30 p.m., finds that:

1.     Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      On July 16, 2015, this Court preliminarily approved the Settlement and certified, for settlement purposes only, the Settlement Class consisting of: all persons in the United States and its territories who, prior to the date on which the Court entered an order preliminarily approving the Settlement, purchased a paid license to use MacKeeper.

4.      Excluded from the Settlement Class are those persons who submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice to the Settlement Class. These persons are listed in Appendix 1, attached hereto and incorporated into this Final Order. The persons listed in Appendix 1 are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order and are not bound by this Final Order or the Release herein.

5.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included two rounds of direct Email Notice, the creation of a Settlement Website, an online banner advertisement campaign, and the operation of a toll-free telephone line to answer questions and provide general settlement information, fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action.

6.      The Court finds that the Settlement Administrator, Rust Consulting, properly and timely notified the appropriate state and federal officials of the Settlement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").

7.      The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and is supported by Plaintiff and Class Counsel.

8.      The Third Circuit identifies nine factors to consider when determining whether a proposed class action settlement is fair, reasonable and adequate: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation. *Girsh v. Jepson,* 521 F.2d 153, 156-57 (3d Cir. 1975); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534-35 (3d Cir. 2004*); In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 258 (3d Cir. 2009).

9.      The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of each of the *Girsh* factors.

10.     In addition to the nine *Girsh* factors, courts may also consider a list of "permissive and non-exhaustive" factors originally established in *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998). *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 174 (3d Cir. 2013). These considerations "illustrat[e] the additional inquiries that in many instances will be useful for a thoroughgoing analysis of a settlement's terms." *Id.* (internal quotation omitted). Such factors include:

> [1] The maturity of the underlying substantive issues, as measured by experience in adjudicating individual actions, the development of scientific knowledge, the extent of discovery on the merits, and other factors that bear on the ability to assess the probable outcome of a trial on the merits of liability and individual

> damages; [2] the existence and probable outcome of claims by other classes and
> subclasses; [3] the comparison between the results achieved by the settlement for
> individual class or subclass members and the results achieved—or likely to be
> achieved—for other claimants; [4] whether class or subclass members are
> accorded the right to opt out of the settlement; [5] whether any provisions for
> attorneys' fees are reasonable; and [6] whether the procedure for processing
> individual claims under the settlement is fair and reasonable.

*In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 350 (3d Cir. 2010) (citing *In re Prudential*,

148 F.3d at 323). In the years since *Prudential*, courts have identified "the degree of direct

benefit provided to the class" as an additional consideration for a complete analysis of the

fairness of the settlement. *In re Baby Prods.*, 708 F.3d at 174.

11.     The fact that Settlement Class Members were given the right to opt out of the

Settlement, the reasonableness of the requested attorneys' fees as discussed *infra*, the fair and

reasonable procedure for processing individual claims under the Settlement, and the direct

benefit provided to the claiming Settlement Class Members all further support final approval of

the Settlement.

12.     The Class Representative and Class Counsel adequately represented the

Settlement Class for purposes of entering into and implementing the Settlement Agreement.

13.     Accordingly, the Settlement Agreement is hereby finally approved in all respects,

and the Parties are hereby directed to perform its terms. Defendant is hereby ordered to

implement and comply with the Settlement Agreement.

14.     Additionally, Rule 23 of the Federal Rules of Civil Procedure provides that "[i]n a

certified class action, the court may award reasonable attorney's fees and nontaxable costs that

are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

15.     In awarding attorneys' fees and costs under Rule 23(h), the Court may hold a hearing and must make findings of fact and state its legal conclusions. *See* Fed. R. Civ. P. 23(h)(3).

16.     Although courts in this Circuit may apply either the percentage-of-recovery or lodestar method to determine the reasonableness of an attorneys' fee request, *see Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011) (en banc), the percentage-of-recovery method has long been preferred in the Third Circuit in common-fund cases like this one. *See In re Prudential,* 148 F.3d at 333-34. Courts then generally "use the lodestar method to cross-check the reasonableness of a percentage-of-recovery fee award" while at the same time not displacing its primary reliance on the percentage method. *In re AT&T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006).

17.     To determine the reasonableness of a percentage-of-recovery fee award, the Court must consider the following ten factors identified in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000) and *In re Prudential*, 148 F.3d 283: (1) the size of the fund created and the number of persons benefited; (2) the presence or absence of substantial objections by class members to the settlement and/or the fees requested; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; (7) the awards in similar cases; (8) the value of the benefits attributable to other groups such as government agencies conducting investigations; (9) the percentage that would have been negotiated in a private contingent fee agreement; and (10) any innovative terms of the settlement. *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 541 (3d Cir. 2009).

18.     The Court finds that each of these factors weigh in favor of approving the requested attorneys' fees and expenses here in light of, *inter alia*, the size of the common fund, the absence of any substantial objections by class members, Class Counsel's skill and experience, the complexity of the claims at issue and length of the litigation, the time and labor expended by Class Counsel, and the results obtained through the Settlement compared to similar settlements.

19.     The two comments purporting to be objections filed by Steven Stegen and Adam Hartman (dkt. 48) are without merit and are hereby overruled.

20.     Further, the requested attorneys' fees are equally reasonable under the lodestar method. The lodestar is calculated by multiplying the number of hours class counsel worked on a case by a reasonable hourly billing rate for such services and may be enhanced by application of a reasonable risk-multiplier to account for the contingent nature of the action and representation, the risk of non-payment, and the quality of counsel's work. *In re AT&T Corp.*, 455 F.3d at 164.

21.     Here, Class Counsel has expended substantial time, effort and resources in their prosecution of the claims at issue on behalf of Plaintiff and the Settlement Class, including more than 800 hours in reported attorney and staff time for a lodestar of $348,755.00. The attorney and staff rates used to calculate Class Counsel's base lodestar are also comparable to those charged by attorneys with equivalent experience, skill, and reputation for similar services in the Pittsburgh and Chicago legal markets, as well as other comparable markets throughout the country. In this case, a risk-multiplier of only 1.89 need be applied to Class Counsel's base lodestar in order to yield the requested 33% fee award. As such, the lodestar cross-check confirms the reasonableness of the percentage-of-recovery fee award.

22.     Accordingly, the Court awards to Class Counsel $660,000.00, which shall include all attorneys' fees and reimbursement of expenses associated with the Action (the "Fee Award").

23.     Further, incentive awards are also typical in class action cases. *See, e.g., Foster v. Kraft Foods Group, Inc.*, No. 09-cv-00453, 2013 WL 440992, at *2 (W.D. Pa. Jan. 15, 2013) (approving incentive awards between $5,000 and $15,000 for each class representative); *Lan v. Ludrof*, No. 06-cv-114, 2008 WL 763763, at *18 (W.D. Pa. Mar. 21, 2008) (approving incentive awards of $2,000 and $5,000 to each named representative); *Palamara v. Kings Family Restaurants*, No. 07-cv-317, 2008 WL 1818453, at *6 (W.D. Pa. Apr. 22, 2008) (approving $2,000 incentive award to class representative).

24.     Here, Plaintiff initiated the Action, acted to protect the interests of the Settlement Class, and assisted Class Counsel. These efforts helped result in the Settlement Agreement, which was entered into in good faith and provides a fair, reasonable, adequate, and certain result for the Settlement Class.

25.     Accordingly, the Court awards to Plaintiff $1,000.00, as an incentive award for her time and effort serving as the Class Representative in the Action (the "Incentive Award").

26.     Defendant shall pay the Fee Award and Incentive Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

27.     Other than as set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

28.     Subject to the terms and conditions of the Settlement Agreement, the Court hereby dismisses the Action on the merits and with prejudice.

29.     The Parties and Settlement Class Members are bound by the terms and conditions of the Agreement. Upon the Effective Date of this Settlement, Plaintiff and each and every

Settlement Class Member shall be deemed to have released, acquitted and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

30.     Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, Releasing Parties, and their heirs, executors, and administrators, successors, and assigns. All Settlement Class Members who have not properly excluded themselves from the Settlement Class shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against the Released Parties in any court, arbitration, tribunal, forum or proceeding.

31.     The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

32.     Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Agreement, the Court directs the Clerk to enter

final judgment.

**IT IS SO ORDERED** this _____ day of _____, 2015.


_____
HONORABLE JOY FLOWERS CONTI
CHIEF UNITED STATES DISTRICT JUDGE

Appendix 1

1.    Pierluigi Bonello
2.    Kiona Baez
3.    Jeff Gottesfeld
4.    Stephen Auerbach
5.    C M Smrt
6.    Lucy Gunn
7.    George R Jones
8.    Sue Griffiths
9.    Nuzhat Sultan-Khan
10.   Weiling Luo
11.   Eugene Bennett